IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VALERIE HOLGERS and MICHAEL SULLIVAN, for themselves and the heirs of ROSS MICHAEL SULLIVAN, deceased,<br><br>  Plaintiffs,<br><br><br><br>   vs.<br><br><br>SOUTH SALT LAKE CITY, SOUTH SALT LAKE CITY POLICE DEPARTMENT, CHRIS SNYDER, RYAN CRAM, SGT. DANIELS, BRITTAN HEDDLESTON, SCOTT MCBRIDE, LOUIE MUNIZ and JASON RASMUSSEN,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br><br><br>Case No. 2:10-CV-532 TS |

This matter is before the Court on Defendants' Motion for Judgement on the Pleadings under FED. R. CIV. P. 12(c).[1]  For the reasons discussed below, the Court will grant the Motion without prejudice.

---

[1]Docket No. 10.

1

## I.  BACKGROUND

The following alleged facts come from Plaintiff's Complaint.[2]

On January 21, 2008, the South Salt Lake City Police Department responded to a call at Ross Sullivan's apartment, where Sullivan was by himself and experiencing extreme emotional distress.  The officers were told that Sullivan was alone, was not violent, and had no firearms. The officers attempted to talk Sullivan into exiting the apartment.  He began to do this on multiple occasions, and began to come out with his hands raised.  However, each time, upon seeing the officers with their guns drawn, Sullivan turned back and had to be coaxed out again.

Eventually, the officers decided that at the next opportunity they would attempt to use a taser to immobilize Sullivan.  He later opened his door and showed that his hands were empty. The taser was fired, and apparently one prong hit him in the chest.  Sullivan retreated back into his apartment, and the officers kicked in the door.  Sullivan struck at one of the officers on his arm with a decorative sword, but the officer was not injured.  An officer then shot Sullivan five times.  Sullivan was then placed on the floor and handcuffed.

Sullivan's parents later filed this action on behalf of themselves and Sullivan.  Their causes of action include: § 1983 claims against the officers, their supervisor, and the government; a Due Process Liberty Interest claim under the Fourth, Eighth, and Fourteenth Amendments; Due Process Liberty Interest claims under the Fourteenth Amendment on behalf of Sullivan's parents; and a wrongful death negligence claim.

---

[2]Docket No. 1.

Defendants move for judgment on the pleadings and argue that Plaintiffs' Complaint fails to meet the pleading standards as set forth by the U.S. Supreme Court.

## II.  LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[3]  The same standard is used when evaluating a motion to dismiss under Rules 12(b)(6) and 12(c).[4]

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5]   However, the Court "need not accept conclusory allegations without supporting factual averments."[6]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[7]   "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

---

[3]*Atlantic Richfield Co.  v.  Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[4]*Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009); *Nelson v.  State Farm Mut.  Auto.  Ins.  Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

[5]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[6]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

The U.S. Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[9] The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[10]

The Supreme Court recently explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[11] In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it requires "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13] "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'"[14]

The Court in *Iqbal* stated:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with

---

[9]*Id*.

[10]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[11]129 S.Ct. 1937 (2009).

[12]*Id*. at 1949.

[13]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[14]*Id*. (quoting *Twombly*, 550 U.S. at 557).

nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[15]

The Tenth Circuit, along with a majority of federal circuits, widely apply the *Iqbal* and *Twombly* plausibility standard as the general pleading standards under federal law. This circuit does not confine *Iqbal* and *Twombly*'s pleading precedent to their specific contexts—Fourth Amendment rights and antitrust respectively.[16]

## III. DISCUSSION

At the outset, the Court notes that Defendants' Motion argues that the entire Complaint fails to meet the *Iqbal/Twombly* standard, and Plaintiffs' response focuses almost exclusively on an erroneous argument that *Iqbal* and *Twombly* do not apply. The parties do not provide analysis

---

[15]*Id.* at 1949-50 (internal quotation marks and citations omitted).

[16]*Phillips v. Bell*, 365 Fed. Appx. 133, 139 (10th Cir. 2010) ("Following *Twombly*, we determined that "plausibility," as used by the Supreme Court, referred to the scope of the allegations in a complaint, and 'if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.'" (quoting *Robins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)); *see also Gee v. Pacheco*, --- F.3d ---, 2010 WL 4909644, at *3-4 (10th Cir. Dec. 2, 2010); *Pace v. Swerdlow*, 519 F.3d 1067, 1075 (10th Cir. 2008).

as to why any specific claims should be dismissed, and the Court will not conduct its own analysis without the parties first raising the arguments.

Plaintiffs are incorrect in arguing that *Iqbal* and *Twombly* do not apply. First, it is clear that the Tenth Circuit rule is to treat a motion for judgment on the pleadings as a Rule 12(b)(6) motion to dismiss. Second, as stated above, the Tenth Circuit has stated that the plausibility standard established in *Iqbal* and *Twombly* applies widely as the general pleading standard for civil complaints.

In reviewing Plaintiffs' Complaint, the Court concludes that it fails to meet the *Iqbal/Twombly* pleading standards. The individual causes of action in the Complaint do not state how the facts from the Factual Allegations Section of the Complaint fit with the legal standards and duties laid out in the individual causes of action.[17]

Plaintiffs request they be given leave to file an Amended Complaint if the Court grants the Motion. Defendants do not oppose this request in their Reply Memorandum. "The Court should freely give leave [for parties to amend their pleadings] when justice so requires."[18] The Court finds that justice will be best served by permitting Plaintiffs to amend their Complaint to more fully show how the alleged facts give rise to the relevant causes of action.

---

[17]Also, the Complaint fails to state that Sullivan eventually passed away from his injuries.

[18]FED. R. CIV. P. 15(a)(2).

## IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED without prejudice.  The Court grants Plaintiffs leave to file an amended complaint within thirty days of this Order.

DATED   January 12, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge