IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VALERIE HOLGERS and MICHAEL SULLIVAN, for themselves and the heirs of ROSS MICHAEL SULLIVAN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTH SALT LAKE CITY, SOUTH SALT LAKE CITY POLICE DEPARTMENT, CHRIS SNYDER, RYAN CRAM, SGT. DANIELS, BRITTAN HEDDLESTON, SCOTT MCBRIDE, LOUIE MUNIZ and JASON RASMUSSEN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND TIME AND DENYING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE<br><br><br><br>Case No. 2:10-CV-532 TS |

This matter is before the Court on Plaintiffs' Motion to Extend Time to Amend Complaint and Defendants' Motion to Dismiss with Prejudice.[1] For the reasons discussed below, the Court will grant Plaintiffs' Motion to Extend Time to Amend Complaint and deny Defendants' Motion to Dismiss with Prejudice.

---

[1]Docket Nos. 35 & 39.

1

## I. BACKGROUND

On January 12, 2011, the Court granted Defendants' Motion for Judgment on the Pleadings but did so without prejudice, allowing the Plaintiffs thirty days to file an amended complaint. On February 10, 2011, Plaintiffs filed an unopposed Motion to Extend Time to Amend the Complaint. Plaintiffs' stated reason for requesting this first extension of time was to allow Defendants sufficient time to respond to Plaintiffs' discovery requests. During this time period, Plant, Chirstensen, and Kanell ("Plant") took over as attorneys for Defendants. Plant was not aware of the previous agreement to provide additional discovery and did not respond in time for Plaintiffs to meet the next deadline for filing an amended complaint. As a result, the parties stipulated to a further extension of time to file through May 6, 2011.

On April 7, 2011, Defendants responded to Plaintiffs' discovery requests. Subsequently, on April 18, 2011, Plaintiffs requested additional discovery of the Defendants via telephone and letter. Plaintiffs allege that Defendants responded by informing them that it would take a couple of weeks to get the requested documents together.

The May 6, 2011 filing deadline came and passed without any filings by Plaintiffs. On May, 10, 2011, four days after the extended deadline, Plaintiffs filed their most recent motion to extend time to file an amended complaint. Defendants have opposed the Motion and have also filed a Motion to Dismiss with Prejudice based on Plaintiffs' failure to file an amended complaint in the time allowed by the Court.

## II. LEGAL STANDARD

Motions for extension of time are governed by Fed.R.Civ.P. 6(b). "Fed.R.Civ.P. 6(b)(1)(B) provides the court may, for good cause, extend the time to respond on a motion 'made after the time has expired if the party failed to act because of excusable neglect.'"[2]

> The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[3]

Defendants move the Court to dismiss Plaintiffs' claims under Fed.R.Civ.P 41(b). "Pursuant to [Fed.R.Civ.P. 41(b)], a district court may dismiss an action with prejudice if the plaintiff fails to 'comply with [the Federal Rules of Civil Procedure] or any order of court."[4] The Tenth Circuit, however, has cautioned that "because dismissal with prejudice defeats altogether a litigants right to access to the courts, it should be used as a weapon of last, rather than first, resort."[5] The Tenth Circuit went on to outline various criteria the court should ordinarily consider on the record before dismissing a complaint.

---

[2] *Davis v. Wilkins*, 2008 WL 4500391, at *1 (D. Utah Oct. 7, 2008) (citing Fed.R.Civ.P. 6(b)(1)).

[3] *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234-35 (D. Kan. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 506 U.S. 380, 395 (1993)); *see also Bishop v. Corsetino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

[4] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

[5] *Mobley v. McCormick*, 40 F.3d 337, 340 (1994) (internal quotations and citations omitted).

These criteria include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

III.  DISCUSSION

A.   EXTENSION OF TIME

Plaintiffs assert that they "cannot in good faith[] draft an adequate amended complaint which requires an honest statement of the case and bases for the claims without all the requested documents."[6]  Defendants contend that Plaintiffs' Motion should be denied because: (1) Plaintiffs have been granted multiple extensions to file their amended complaint, but have not done so; (2) there are no unusual or exceptional circumstances warranting the request for additional time; and, (3) the fact that Plaintiffs are not satisfied with the documents produced in their discovery requests does not present an exceptional or unusual circumstance.

   1.   GOOD CAUSE

Black's law dictionary defines good cause as "[a] legally sufficient reason."[7]  Here, the parties agreed to an exchange of discovery documents which is not yet completed.  Plaintiffs allege that they cannot draft an amended complaint without receipt of the documents included in the pending discovery request.  This allegation meets the relatively low requirements of good cause.

---

[6]Docket No. 35, at 2.

[7]*Black's Law Dictionary* 213 (7th ed. 1999).

2. EXCUSABLE NEGLECT

Since Plaintiffs are filing their Motion for Extension of Time after the deadline previously set by the Court, they must also demonstrate that their failure to abide by the deadline was the result of excusable neglect.[8] As indicated above, excusable neglect is at bottom an equitable question that requires the balancing of a number of factors by the Court.[9]

First, the Court must determine what the danger of prejudice may be to the parties.[10] In this case, if the Court denies Plaintiffs' Motion, it could result in a complete dismissal of Plaintiffs' claims with prejudice. Defendants argue that they will be prejudiced because they will be forced to continue to defend against Plaintiffs' claims. However, the risk of prejudice at this juncture is greater for Plaintiffs, who could be barred from bringing any of their claims.

Next, the Court must consider the length of delay and its potential impact on judicial proceedings.[11] Plaintiffs' amended complaint was due on May 6, 2011, and they filed their Motion for Extension on May 10, 2011. A four-day delay in filing is brief. However, this is not the first motion for extension of time Plaintiffs have filed. Indeed, Plaintiffs were originally granted thirty-days to file and amended complaint on January 12, 2011, and the Court is yet to receive more than a motion to extend time to file an amended complaint. Thus, the process of

---

[8] Fed.R.Civ.P. 6(b)(1)(B).

[9] *Coleman*, 487 F. Supp. 2d at 1234-35.

[10] *Id.*

[11] *Id.*

5

delay has been on-going since the Court granted Plaintiffs leave to file an amended complaint on January 12, 2011.

Third, the Court must consider the reasons for the delay, including whether the delay was within the reasonable control of the party seeking to show excusable neglect.[12] Plaintiffs allege that the reason for the delay in filing an amended complaint is the on-going discovery process. Defendants assert that any inadequacy in the documents provided is a result of Plaintiffs not phrasing their initial requests in a manner that were expansive enough. However, Defendants also contributed to the delay through their substitution of counsel, and failure on two occasions to provide requested discovery. A federal court viewing a similar situation—a failure to submit a filing pursuant to a deadline of the court due to difficulties in securing requested records—treated the failure as excusable neglect under Fed. R.Civ.P. 6(b)(2).[13] Similarly, in this case Plaintiffs could not submit their amended complaint within the required deadline as set by the Court because they had not received the requisite documents from Defendants.

After weighing the foregoing factors, the Court finds that Plaintiffs failure to file their amended complaint due to lack of receipt of requested discovery meets the requirements of excusable neglect.

B.  DISMISSAL

Defendants' Motion to Dismiss is dependent upon the Court denying Plaintiffs' Motion. If the Court denied Plaintiffs' Motion, it would be necessary to apply the same facts to the

---

[12]*Id.*

[13]*Bowen v. Boles*, 258 F. Supp. 111, 113 (D. W.Va. 1966).

criteria set out by the Tenth Circuit for granting a Motion to Dismiss under Fed.R.Civ.P. 41(b) to determine whether dismissal with prejudice is proper. Considering these factors, dismissal would not be appropriate because a lesser sanction would bring Plaintiffs into compliance with the Court's orders.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion to Extend Time to Amend Complaint (Docket No. 35) is GRANTED. The Court instructs Defendants to comply with Plaintiffs' discovery requests by July 15, 2011. Plaintiffs will have until August 12, 2011 to file their amended complaint. Defendants' Motion to Dismiss with Prejudice (Docket No. 39) is denied as MOOT.

DATED   June 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge