IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VALERIE HOLGERS and MICHAEL SULLIVAN, for themselves and the heirs of ROSS MICHAEL SULLIVAN, deceased,<br><br>                    Plaintiff,<br>v.<br><br>SOUTH SALT LAKE, SOUTH SALT LAKE CITY POLICE DEPARTMENT, CHRIS SNYDER, RYAN CRAM, SGT. DANIELS, BRITTAN HEDDLESTON, SCOTT MCBRIDE, LOUIE MUNIZ and JASON RASMUSSEN,<br><br>                    Defendant. | **ORDER FOLLOWING SUMMARY JUDGMENT HEARING**<br><br><br><br>Case No. 2:10 cv 532 DN<br><br><br><br>District Judge David Nuffer |

At the summary judgment hearing Monday October 21, 2013,[1] Plaintiffs raised issues of fact that neither court nor counsel could find raised in the briefing. In an abundance of caution, the court permitted Plaintiffs to file a short supplemental brief to show that Plaintiffs concerns about Facts 18, 26, 39, 47, 53 and 58 were raised in the briefing. Rather than do this, Plaintiffs filed an extensive supplemental memorandum (Plaintiffs' Memorandum)[2] including legal argument. As to the facts, Plaintiffs offered new facts[3] not raised in their original responsive

---

[1] Minute entry, docket no. 85, dated October 21, 2013.

[2] Plaintiff's [sic] Memorandum Permitted by Court Re: Document 85, docket no. 86, filed October 22, 2013.

[3]     His girlfriend had also told us that she had had several situations where he had – he needed to be looked at. She wanted him taken to the hospital because of a mental issue." (See Plt's Exhibit 6 - Daniel TR pg 36, lines 12-17). Daniels also acknowledged that the girlfriend had stated Sullivan was paranoid sometimes. (See Plt's Ex. 6 – Daniels TR pg 36, lines 18- 19).

Plaintiffs' Memorandum at 6. Facts 36 and 37, Plaintiffs' Memorandum at 9; Fact 47, Plaintiffs' Memorandum at 10; Fact 53, Plaintiffs' Memorandum at 12.

memorandum,[4] facts regarding training and policies not relevant to the defense of qualified immunity;[5] facts and issues not raised at oral argument;[6] purported issues not actually created by the uncontradictory evidence cited;[7] and irrelevant facts.[8]  The court does not adopt any of the facts offered in the Plaintiffs' Memorandum.

That governmental immunity bars the seventh cause of action and that pointing the firearm and use of the taser did not constitute the excessive use of force has been decided.  This reasoning was stated at the hearing and in Defendants' memoranda.  The court now concludes, for the reasons stated in Defendants' memoranda and stated by the court at the hearing:

a. The entry into the apartment did not violate the Fourth Amendment;

b. The tragic shooting of Ross Sullivan did not constitute the excessive use of force; and

c. There is no basis for municipal liability.

Within fourteen days, Defendants shall email to dj.nuffer@utd.uscourts.gov and opposing counsel in Microsoft Word format, a draft order for summary judgment, granting Defendants motion[9] and denying Plaintiffs' motion,[10] incorporating the facts as stated by the court prior to

---

[4] Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, docket no. 68, filed May 14, 2013.

[5] Sgt. Daniels further stated no one in the department is designated to handle matters that involve mentally ill persons on the street. (Ex. 6 Daniels TR. P. 16, L. 3-6). He can't remember any courses he attended regarding department policy or procedure regarding mentally ill persons. (Ex. 6, Daniels TR. P. 17, L. 20-23). Paragraph 21 of Plaintiff's Memorandum in Opposition to Motion for Summary Judgment should be adopted regarding Daniels, who was in charge, lack of understanding of how to treat mentally ill persons because the department had no policy. Plaintiff's paragraphs 22 of Plaintiff's Memorandum in Opposition to Motion for Summary Judgment should be adopted because essentially Sgt. Daniels does not have an understanding of the use of force with firearms, other than that he learned to shoot them. (Ex. 6, TR 26, L. 12-19).

Plaintiffs' Memorandum at 6.

[6] Facts 19 and 20, Plaintiffs' Memorandum at 6-7.

[7] Fact 26, Plaintiffs' Memorandum at 7-8.

[8] Facts 48 and 55, Plaintiffs' Memorandum at 11-12.

[9] Docket no. 65, filed April 29, 2013.

[10] Docket no. 69, filed May 16, 2013.

the hearing,[11] with reasoning as stated in Defendants' memoranda and by the court at the hearing.  Defendants shall consult and conform to the form of orders found at http://www.utd.uscourts.gov/judges/nuffer.html#Orders.  Within seven days after the draft order is emailed to Plaintiffs' counsel, Plaintiffs' counsel may object to the form (not the substance) of the order as submitted.  The objection shall be submitted to dj.nuffer@utd.uscourts.gov.  The objection may be (but is not required to be) in the form of or may attach a version of the order with comments and tracked changes.  The proposed order and objection will be considered and lodged by the court, and a final order will be entered.

      Signed October 25, 2013.

                              BY THE COURT

                              _____
                              District Judge David Nuffer

---

[11] Draft Statement of Undisputed Facts, sent to counsel October 18, 2013, lodged October 25, 2013 as docket no. 88. A word processing version will be emailed to Defendants' counsel on or before Monday October 28, 2013.